IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

TONYA R. CONKLIN

    Plaintiff,

vs.                                                                                                                   No.: 08-2819 BBD-cgc

BOARD OF EDUCATION OF
THE MEMPHIS CITY SCHOOLS

    Defendant,

## ORDER ON MOTION TO COMPEL

Before the Court by way of Order of Reference for determination is the Motion to Compel filed by Defendant Board of Education of the Memphis City Schools. (D.E.# 13). A hearing on the motion was held on January 11, 2010. Based on the motion, response, memoranda and arguments of counsel, the Court finds as follows:

Plaintiff Tonya Conklin shall provide full and complete answers to Defendant's Interrogatories Nos. 7, 10 and 13 and provide complete responses to Defendant's Request for Production Documents Nos. 3, 5, 7, 11 and 19 within fourteen (14) days of the date of this Order or be subject to sanctions as the Court might impose.

The Court also finds that an award of Defendant's reasonable costs, including attorneys' fees, associated with bringing its Motion to Compel is appropriate against Plaintiff's counsel. Fed. R. Civ. P. 37(a)(5)(A) provides that

> If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

In this case, the movant filed the motion to compel on October 19, 2009 after receiving no response from Plaintiff's counsel to letters dated September 17, 2009 and October 7, 2009. At the hearing, Plaintiff's counsel explained that she did not respond to Defendant's counsel because she had no obligation to call them back or to amend her responses. This is contradicted by Plaintiff's counsel's later admission that she had not provided Defendant with the requested medical authorization because her client had difficulty getting to her office and that she was having difficulty getting her client to answer interrogatories because of Plaintiff's medical conditions. Had Plaintiff's counsel discussed the difficulties in obtaining the information directly with Defendant's counsel, it is quite possible that the matters raised in the motion could have been resolved without intervention by the court.

Local Rule 7.2 places an affirmative duty on counsel to confer on discovery disputes. Further, this Court requires that the parties meet and confer in good faith prior to the motion hearing in a further attempt to resolve routine discovery matters without the intervention of the court. *See*, Notice of Setting D.E. #16. There is nothing in the record to indicate that Plaintiff's counsel attempted to confer in good faith or that the nondisclosure was substantially justified.

Defense counsel has submitted an affidavit of fees and expenses in the amount of $3,685.00. There was no itemization included. Plaintiff did not respond in opposition to the

affidavit of fees[1]. Given the nature of the issues raised in the motion, the Court awards the Defendant $1,500.00 in fees and expenses.

It is ORDERED that Plaintiff respond to the interrogatories and requests for production of documents as delineated above and that Plaintiff's counsel pay Defendant $1,500.00 in fees and expenses associated with the filing and arguing of this motion within forty-five (45) days of the entry of this order.

**IT IS SO ORDERED** this 18th day of February, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has filed an objection to the Court's oral ruling.